```
                                          FILED

                                      FEB  8 2011

                                UNITED STATES BANKRUPTCY COURT
                                EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In re ) | Case No. 10-91718-E-7 |
| ) | |
| REY ANTHONY ZAVALA and ) | |
| MICHELLE ARBOLEDA CATBAGAN, ) | |
| ) | |
| Debtor(s). ) | |
| _____ ) | |
| ) | |
| REY ANTHONY ZAVALA and ) | Adv. Pro. No. 10-9042 |
| MICHELLE ARBOLEDA CATBAGAN, ) | Docket Control No. PIL-1 |
| ) | |
| Plaintiff(s), ) | |
| v. ) | |
| ) | Ordered Published |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

**MEMORANDUM OPINION**
**AND DECISION**

Rey Zavala and Michelle Catbagan, the Chapter 7 debtors, (collectively "Debtors") commenced this adversary proceeding against Wells Fargo Bank, N.A. ("WFB") asserting a violation of 11 U.S.C. § 362(a)(3) and various state law claims premised on the alleged violation of the automatic stay. The Debtors contend that WFB violated the automatic stay when it refused to disburse monies owed by the Bank for two prepetition demand amounts in which the Debtors asserted an exemption. The demand for the monies was made

by the Debtors directly to WFB six days after the Chapter 7 case was filed.  WFB did not comply with the Debtors' unilateral demand to turnover the monies, having sent a letter to the Chapter 7 Trustee requesting instructions from the Chapter 7 Trustee for the accounts which are property of the bankruptcy estate.

The Debtors commenced this adversary proceeding sixteen days after filing the Chapter 7.  In the complaint, the Debtors contend that the monies relating to the WFB accounts are not property of the bankruptcy estate, but their personal monies.  WFB responded by filing the instant Motion to Dismiss For Failure to State a Claim, arguing that the monies relating to the two WFB accounts are property of the bankruptcy estate, and that the Debtors do not have any right to possess or control such property.  Therefore, no violation of the automatic stay occurred as to the Debtors, the Debtors have no standing to allege a violation of the automatic stay as to the bankruptcy estate, and there is no basis for the alleged state law claims.

## STANDARD FOR MOTION TO DISMISS

In pleading claims for relief in federal court, a complaint "must contain a short and plain statement showing that the pleader is entitled to relief."  Rule 8(a)(2), Federal Rules of Civil Procedure, and Rule 7008, Federal Rules of Bankruptcy Procedure. This requires more than a demand for relief or a formulaic recitation of generic horn book common law or statutory legal grounds for the elements of the claim. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).

Rule 12(b)(6), Federal Rules of Civil Procedure, and Rule 7012, Federal Rules of Bankruptcy Procedure, provide that a

defendant may obtain the dismissal of an adversary proceeding if the complaint fails to state a claim upon which relief can be granted.   The Plaintiff is given the benefit of the doubt in reviewing such motions, and all allegations of material facts are taken as true and construed in the light most favorable to the nonmoving party.   The United States Supreme Court in *Ashcroft v. Iqbal, Id.*, p. 1941, confirmed the standard to be used in considering a motion to dismiss.   The plaintiff must allege sufficient factual matters to state a claim for relief that is plausible on its face.   While the court must accept as true all factual allegations in the complaint, the same is not true for legal conclusions.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice..."   *Id.* Determining if a complaint states a plausible claim for relief is a context-specific task that requires the trial court to draw on its judicial experience and common sense.   A complaint is not dismissed by the trial court for failure to state a claim unless it appears that the plaintiff can prove no set of facts, as alleged in the complaint and taken as true by the court, for which the plaintiff would be entitled to relief.   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### FACTS AND CLAIMS ASSERTED BY THE
### DEBTORS IN THE COMPLAINT

In the Complaint the Debtors assert that they hold and own two prepetition deposit accounts at WFB.  When the Debtors attempted to access the monies after commencing the Chapter 7 case, WFB had placed a hold on the two accounts.   WFB sent a letter to the Chapter 7 Trustee, Steven C. Ferlmann, requesting instructions for

payment of the monies for the two WFB accounts.  A copy of the WFB letter sent to Trustee Ferlmann, is attached as Exhibit B and incorporated into the Complaint, and states (in pertinent part):

1.   WFB received notice of the Debtors' bankruptcy petition.

2.   "Sections 541 and 542 of the Bankruptcy Code require us to act in good faith to preserve the Estate Funds and follow your direction with regard to property of the estate."

3.   When WFB received notice of the bankruptcy filing, "we checked the value of the debtor's account(s) on the filing date and the notice date, less identifiable Social Security payments."

4.   "The low balance on the account(s) on or between those dates, $6,079.63, became property of the bankruptcy estate . . . "

5.   "The Estate Funds are in bankruptcy status, which means the funds are payable only to you or upon your order."

6.   "The Estate Funds will remain in bankruptcy status until we receive direction from you regarding their disposition or on July 12, 2010, which is 31 days after the scheduled First Meeting of Creditors."

The Complaint continues to allege that the monies in the two WFB accounts have been exempted from the bankruptcy estate by listing them on in Schedule C filed in this case.[1]  Schedule C is attached as Exhibit "C" to the Complaint and incorporated therein by the Debtors.

On May 10, 2010 (six days after the commencement of the Chapter 7 bankruptcy case) the Debtors through their counsel sent a letter to WFB demanding that all of the monies in the two WFB accounts be released directly to the Debtors.  A copy of the letter sent by Debtors' counsel is attached as Exhibit D and incorporated into the Complaint, stating (in pertinent part),

---

[1]   Schedule "C" filed by the Debtors on May 4, 2010, claims $2,517.54 as exempt in the WFB accounts.  No amendment has been made by the Debtors to Schedule C in this case.

1.   "[S]chedule C of the debtors' petition claims all of the money as exempt pursuant to California Civil Procedure Code §703.140, <u>subd</u>.(b)(5)."

2.   "All amounts being held by WFB, therefore, are exempt from the bankruptcy estate."[2]

3.   WFB has no right to hold such money and no right to adversely determine the exemption of the money from the bankruptcy estate.

4.   WFB is directed to immediately terminate its administrative hold and provide written confirmation of such termination to counsel for the Debtors.

The Complaint alleges five claims against WFB, all of which are based on WFB violating the automatic stay by failing to comply with the Debtors' demand.  The first claim alleged is for violation of 11 U.S.C. § 362(a)(3),[3] based solely on WFB's refusal to disburse the monies in the two WFB accounts directly to the Debtors.

The other four claims alleged in the complaint are state law claims for conversion, unlawful business practices (California Business and Profession Code § 17200 *et. seq.*), intentional interference with statutory exemptions, and intentional infliction of emotional distress.  Each of the state law claims is based solely on WFB refusing to turn over monies in the WFB accounts directly to the Debtors upon their demand.

---

[2]  Exhibit "B" to Complaint identifies that there is $6,079.63 owed by WFB on the two accounts, well in excess of the amount claimed as exempt.

[3]  11 U.S.C. §362(a)(3), staying,

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;...

## WELLS FARGO BANK MOTION TO DISMISS

WFB asserts that this adversary proceeding may properly be dismissed pursuant to Rule 12(b)(6) and Rule 7012 because it fails to state any claims upon which relief can be granted for these Debtors. The present motion is built on the foundation that the Debtors lack standing to assert claims because the obligations owed by WFB on the two accounts are property of the bankruptcy estate and under the sole control of the Chapter 7 trustee. The assets being property of the Estate and the only alleged violation of the automatic stay is as to property of the estate, 11 U.S.C. § 362(a)(3), no rights of the Debtors have been violated. Since no rights of the Debtors having been violated, these Debtors cannot assert personal claims against WFB based on the rights of a third-party, the bankruptcy estate.

For the conversion, California Unfair Business Practices Act, and negligent infliction of emotional distress claims, WFB argues that the Debtors' allegations in the Complaint do not assert any plausible personal right to, or control of, the accounts or monies owed on the WFB accounts which are property of the bankruptcy estate. Therefore, no rights of the Debtors are alleged to have been violated by WFB not complying with the Debtors' demand to pay money owed on the WFB accounts to the Debtors. The only alleged rights at issue, arising under 11 U.S.C. § 362(a)(3) are rights of the bankruptcy estate, which can be asserted only by the Chapter 7 trustee.

**Debtors' Opposition**

The Debtors oppose this Motion, asserting that their $2,517.54 claim of exemption resulted in all of the monies in the two WFB

accounts being exempt from the bankruptcy estate.  Therefore, WFB violated the automatic stay by refusing to accede to the demands of the Debtors to pay all of the monies owed on the two WFB accounts directly to the Debtors.  The legal basis asserted by the Debtors is stated in *Mwangi v. Wells Fargo Bank*, N.A. 2010 Bankr. LEXIS 2010 (Bankr. 9th Cir. 2010), a recent Ninth Circuit Bankruptcy Appellate Panel decision.  The *Mwangi* opinion has not been published and is currently the subject of an appeal to the Ninth Circuit Court of Appeals.

Though the *Mwangi* decision is on appeal, this court gives due consideration to the analysis and conclusions made by the Bankruptcy Appellate Panel and relied upon by the Debtors.  The *Mwangi* case related to the same WFB administrative pledge procedure as in this case and WFB seeking direction from a Chapter 7 trustee for prepetition accounts after receiving notice that a bankruptcy case has been commenced by a debtor.

### THE OBLIGATIONS OWED BY WELLS FARGO BANK
### ARE PROPERTY OF THE ESTATE

The fundamental issue is what rights do these Chapter 7 Debtors have to possess or control the two WFB accounts which are property of this bankruptcy estate.  Upon the commencement of a bankruptcy case, "Deposits in the debtor's bank account become property of the estate under *section 541(a)(1)*." 5 COLLIER ON BANKRUPTCY ¶ 541.09, at p. 541-51 (Alan N. Resnick & Henry J. Sommer, eds., 15th rev. ed. 2010).  *See* 11 U.S.C. §541(a).

As discussed by the panel in *Mwangi*, a deposit account is merely an account payable of a bank to the depositor.  There are no specific coins, bills, or certificates which a bank holds for the

customer.

> In fact, however, it [bank account] consists of nothing more or less than a promise to pay, from the bank to the depositor, *see Bank of Marin v. England*, 385 U.S. 99, 101, 17 L. Ed. 2d 197, 87 S. Ct. 274 (1966); *Keller v. Frederickstown Sav. Institution*, 193 Md. 292, 296, 66 A.2d 924, 925 (1949); and petitioner's temporary refusal to pay was neither a taking of possession of respondent's property nor an exercising of control over it, but merely a refusal to perform its promise.

*Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, at 20, 21 (1995).

This is consistent with California law. *See 4 Witkin Summary of California Law*, Negotiable Instruments, Banking, §75. A bank is an account debtor to its customers for general deposits made at the bank. *Fidelity Savings & Loan Association v. Rodgers*, 180 Cal. 683, (1919), and *Holbrook v. Smith*, 87 Cal.App.2d 66, 73 (1994) – a general deposit creates a debtor-creditor relationship between the debtor and the customer. "A deposit is always deemed to be general unless made special by agreement and something more than the intent of one party to the deposit is necessary – the intent of both parties must be shown to concur." *Bank of America National Trust & Savings Assn. v. Board of Supervisors*, 93 Cal. App.2d 75, 80. No contention has been advanced by the Debtors that the accounts at issue are anything other than general deposit accounts.

The exemptions claimed by the Debtors in this case were made pursuant to California law in the amount of $2,517.54. California exemptions, including the one at issue in this adversary proceeding, generally are for specific dollar amounts and do not cause the entire asset to be excluded from the bankruptcy estate. The United States Supreme Court recently addressed this issue, concluding that a debtor's dollar amount exemption does not remove

the asset from the bankruptcy estate. *Schwab v. Reilly*, __U.S. __, 130 S. Ct. 2652, 2668-2669 (2010).

The Ninth Circuit Court of Appeals addressed this exemption issue concerning property in which the debtor claims an exemption continuing to be property of the estate in *Gebhart v. Gaughan* and *Chappell v. Klein*, 621 F.3d 1206 (9th Cir. 2010).[4] For the *Gebhart* cases, the properties had values as of the commencement of those cases less than the liens and homestead exemptions claimed by the respective debtors. Each Chapter 7 debtor argued that exempting the property removed it from the bankruptcy estate, and therefore the postpetition appreciation in value inured to the benefit of each respective debtor. The Ninth Circuit expressly rejected the contention that a monetary exemption removed the assets from the bankruptcy estate. See, *Gebhart v. Gaughan*, *Supra*., 1210. Bankruptcy debtors are entitled to the monetary amount claimed as exempt when the Chapter 7 trustee liquidates the asset and distributes the proceeds from the disposition of the asset, not the asset itself. The Estate is entitled to any additional value in the property of the estate, including postpetition appreciation.

In the present case the Debtors have asserted a monetary exemption of $2,517.54 in the to WFB accounts. The Debtors are entitled to and will receive the monetary value of their exemption when the WFB accounts are administered as property of the estate by the trustee. Claiming an exemption in the WFB accounts does not remove them from this bankruptcy estate.

_____

[4]   The Ninth Circuit ruling in *Gebhart* was subsequent to the Bankruptcy Appellate Panel ruling in *Mwangi*.

## THE CHAPTER 7 TRUSTEE HAS THE RIGHT
## TO POSSESSION AND CONTROL OF THE WFB ACCOUNTS

Upon the commencement of the bankruptcy case, it is the Chapter 7 trustee who holds all of the rights and responsibility for property of the Estate.  The Trustee is the sole representative of the bankruptcy estate.  11 U.S.C. § 323(a).  As the representative of the estate, the Chapter 7 trustee's duties include collecting and reducing to money the property of the estate.  11 U.S.C. § 704(a)(1).  It is the Chapter 7 trustee who disposes of property of the estate in which another person has an interest which is not otherwise disposed of under the Bankruptcy Code.  11 U.S.C. § 725.  No provision is made for the Chapter 7 debtor to co-administer property of the estate, and no order has been entered in this case authorizing the Debtors to administer these assets in lieu of the Chapter 7 Trustee.[5]  Property ceases being property of the estate when (1) it has been used or sold by a trustee pursuant 11 U.S.C. § 363, (2) disbursed pursuant to 11 U.S.C. § 725 or § 726, (3) abandoned pursuant to 11 U.S.C. §554, or (4) the automatic stay is terminated to allow a lien creditor or

---

[5]   There can be no serious contention that the Debtors can control, assert, or co-opt rights of the Estate relating to alleged violations of the automatic stay.  *Estate of Thelma V. Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211, et al.*, 443 F.3d 1172, 1176 (9th Cir. 2006), "We therefore reaffirm our previous reasoning of our sister circuits and hold that the Bankruptcy Code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."  *See also In re Stanley H. Calvin and Barbara A. Calvin*, 329 B.R. 589, 602 (Bankr. S.D. Tx 2005), the trustee is the only party with standing to assert a claim for a violation under 11 U.S.C. § 362(a)(3) for a bank account which is property of the bankruptcy estate; and *In re Robert Laux*, 181 B.R. 60, 61 (Bankr. SD Ill 1995).

other person having an interest in the property exercise rights which terminate the interests of the estate.

Further, Congress provides express direction to a bank (as the obligor on an account payable) to pay the obligation owing to the estate to the trustee when it comes due.  11 U.S.C. § 542(b).  It is for the Chapter 7 trustee to determine when and how to make demand for payment of the obligation from the bank, not these Chapter 7 Debtors.[6]  There are many reasons a Chapter 7 trustee may not demand the immediate closing of the account or payment of the obligation owed to the estate.  The most obvious is that a Trustee may be pleased with the interest rate the estate is receiving on the obligation.  Additionally, a premature demand for payment may result in the estate incurring a penalty or fee that diminishes the asset for the estate.  A third situation could be one in which the immediate payment of the monies creates otherwise avoidable administrative problems for the trustee.

The Debtors are incorrect in their contention that by claiming an exemption in the prepetition accounts they have removed the accounts from the bankruptcy estate.  Further, they have failed to show any basis for the Chapter 7 Debtors having any right to control or possess property of the estate.  The two WFB accounts are property of the estate and under the control of only the Chapter 7 Trustee.

///

///

---

[6] No allegation has been made that the Chapter 7 Trustee has made any demand for payment of the monies due the Estate or that the obligation to pay any monies had come due.

**THE DEBTORS DO NOT HAVE STANDING TO
ALLEGE VIOLATIONS OF THE AUTOMATIC STAY
RELATING TO PROPERTY OF THE ESTATE**

In the present adversary proceeding the Debtors are not attempting to assert any violation of the automatic stay as to the Debtors or property of the Debtors.  Instead, they are asserting that the automatic stay has been violated as it applies to property of the bankruptcy estate, alleging only a violation of 11 U.S.C. § 362(a)(3).  A basic tenets of federal court jurisdiction is the plaintiff must assert his or her own rights.  One is not allowed to proceed with theoretical arguments or purport to advance rights of other persons.  "To qualify as a party with standing to litigate, a person must show, first and foremost, 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'"  *Arizonans for Official English v. Arizona* 520 U.S. 43, 64, 117 S.Ct. 1055 (1997).

When Congress enacted the 11 U.S.C. § 362(a) automatic stay provisions, it created two specific areas for the stay – one for the estate and one for the debtor.  For the debtor, the provisions of 11 U.S.C. § 362(a) stay the following:

(1) The commencement or continuation of an action, proceeding or process against the debtor, or to recover a claim, which was or could have been commenced or arose prior to the commencement of the bankruptcy case.  11 U.S.C. § 362(a)(1).

(2) The enforcement of a judgment obtained before the filing of the bankruptcy case against property of the debtor or the bankruptcy estate.  11 U.S.C. § 362(a)(2).

(3) The creation, perfection, or enforcement of a lien against property of the debtor that secures a claim that arose before the

1  commencement of the bankruptcy case.   11 U.S.C. § 362(a)(5).

2      (4) Any act to collect, assess or recover a claim against the

3  debtor that arose before the commencement of the bankruptcy case.

4  11 U.S.C. § 362(a)(6).

5      (5) Any setoff of a debt owing to a debtor that arose before

6  the commencement of the bankruptcy case against any claim against

7  the debtor.   11 U.S.C. § 362(a)(7).

8      The Debtors have not alleged in the Complaint or in opposing

9  this Motion any violations of these provisions that apply to a

10  debtor.   The only assertion is that WFB violated 11 U.S.C.

11  § 362(a)(3), which stays acts to obtain possession of or control of

12  property of the Estate.

13      The Debtors argue that since an individual is given a remedy

14  under 11 U.S.C. § 362(k) for violations of the automatic stay,

15  these Debtors should have the right to recover personal claims and

16  damages from WFB for its refusal to disburse property of the

17  bankruptcy estate directly to the Debtors.   While a debtor may seek

18  recovery of damages when the automatic stay is violated as to that

19  debtor, such a remedy does not grant the debtor "co-trustee" like

20  powers to control property of the estate.   The Debtors may not

21  assert rights of the bankruptcy estate against third-parties, such

22  as the alleged claim for violating the automatic stay as it applies

23  to property of the estate.   The Debtors do not have standing to

24  assert the violation of the automatic stay alleged in the

25  Complaint.

26                     THE DEBTORS HAVE IGNORED ENFORCING
                  THEIR ACTUAL RIGHTS TO OBTAIN EXEMPT MONIES
27                      FROM THE BANKRUPTCY ESTATE1

28      This court is also not persuaded by the Debtors' arguments

13

that a debtor is not required to act reasonably in a bankruptcy case to properly assert his or her rights.  These Debtors contend that WFB (and all other banks, savings banks, savings and loans, credit unions, and other depository institutions) is required to pay any and all monies relating to bank accounts when demanded by a debtor.  The only alternative posited by the Debtors is for the financial institution to seek declaratory or injunctive relief from the bankruptcy court.

If one accepts the argument that a bank must commence an action in every Chapter 7 case for an order directing a trustee to act on the property of the Estate or for declaratory relief when faced with a claim of exemption, the courts would be deluged with adversary proceedings.[7]  Using the data from just the Eastern District of California for the period January 2010 - December 2010, there were 43,967 Chapter 7 cases filed.  If one assumes that the debtors had bank accounts in only 80% of the cases, this would result in 35,173 additional adversary proceedings filed annually by financial institutions in just the Eastern District of California.

The Bankruptcy Code has not been structured to foment litigation, but to provide for the proper and efficient administration of the estate and the respective rights of all parties.  To accept the Debtor's interpretation of the Bankruptcy Code requires this court to presume that Congress sought to mandate a multiplicity of lawsuits and override the Constitutional requirement of standing.

---

[7] Rule 7001, Federal Rules of Bankruptcy Procedure require that injunctive relief, declaratory relief, or an interpleader be commenced as an adversary proceeding.

Under the oversight of the Office of the United States Trustee, the Chapter 7 trustee has the responsibility to properly administer and distribute property of the estate to the debtor and other parties entitled to receive such property. This includes abandoning property which is of inconsequential value or burdensome to the estate. 11 U.S.C. § 544(a). A debtor claiming an exemption in property of the estate may contact the trustee to obtain a distribution of that portion of such property of the estate which is properly exempt.

If the Chapter 7 trustee refuses or fails to properly distribute or abandon exempt property of the bankruptcy estate, the remedy under the Bankruptcy Code for the debtor is to obtain an order for abandonment pursuant to 11 U.S.C. § 554(b). The Debtors in this case failed to seek the expedient distribution of the exemption portion of the WFB accounts, instead electing to commence this Adversary Proceeding.[8]

**THE COMPLAINT FAILS TO STATE
ANY CLAIMS AGAINST THE DEBTOR**

The court has considered all of the alleged facts and legal claims asserted by the Debtors in ruling on this Motion to Dismiss for Failure to State a Claim. Even giving the Debtors the benefit of assuming at this early stage of the adversary proceeding that all allegations are true, this court concludes that the automatic stay was not violated as to the Debtors and that the Debtors have

---

[8] In the Eastern District of California a debtor can have a motion to abandon heard on 14 days notice. This presupposes that the trustee is unable or unwilling to fulfill his or her obligation to administer property of the estate and voluntarily abandon property of the estate to the debtor.

not stated any plausible claims for relief against WFB under the
Bankruptcy Code or state law.  The Debtors cannot assert any of the
alleged monetary or equitable claims against WFB for refusing to
comply with the Debtors' directions to deliver property of the
estate directly to the Debtors.[9]

The court grants the Wells Fargo Bank, N.A. Motion to Dismiss
for Failure to State a Claim on each of the causes of action
alleged in the Complaint.  The Plaintiff is granted leave to file
an amended complaint within 20 days of the entry of the order
granting this motion.  If the Debtors fail to timely file an
amended complaint, the court shall dismiss this adversary
proceeding without prejudice and without further notice.

The court shall issue an order granting the Motion to Dismiss
with leave for the Debtors to amend the complaint.  This Memorandum
Opinion and Decision constitutes the findings of fact and
conclusions of law pursuant to Rule 52, Federal Rules of Civil
Procedure, and Rules 9014 and 7052, Federal Rules of Bankruptcy
Procedure.

Dated: February 7, 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

---

[9]   It may well be in this case that it is actually these
Debtors who have engaged in an "act to obtain possession of
property of the estate or...to exercise control over property of
the estate."  That issue has not been presented to the court by
the Chapter 7 trustee who is in control of the rights of the
bankruptcy estate.

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

---

Ben Roberts
821 13th St #C
Modesto, CA 95354

Robert Buscho
2525 Campus Drive
Irvine, CA 92612

Michelle Catbagan
1928 Cielito Dr
Modesto, CA 95358

Rey Zavala
1928 Cielito Dr
Modesto, CA 95358

Ana Damonte
PO Box 7880
San Francisco, CA 94120-7880

Stephen Ferlmann
PO Box 579375
Modesto, CA 95357

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street , Room 7-500
Sacramento, CA 95814